IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RICHARD KEITH POE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 9:08-1622-CMC-BM |
| ) | |
| v. ) | |
| ) | |
| SOUTH CAROLINA ) | **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF ) | |
| CORRECTIONS; DIRECTOR ) | |
| JON OZMINT; and WARDEN ) | |
| WILLIE EAGLETON, ) | |
| ) | |
| Respondent. ) | |

This action has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate with the South Carolina Department of Corrections (SCDC), argues that the SCDC entered his sentence wrong after his probation was revoked and he re-entered the SCDC's custody, and that he should be released from custody.[1]

The Respondents filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 10, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on July 11, 2008, advising Petitioner of the importance of a motion for summary judgment and of the need for him to file an adequate response. Petitioner thereafter filed a

---

[1] Petitioner also indicates that he would like to be "compensated" for his "illegal [] imprisonment". However, if Petitioner wants to pursue monetary damages for an alleged violation of his rights, he would need to do so through a separately filed lawsuit under 42 U.S.C. § 1983. see Preiser v. Rodriguez, 411 U.S. 475, 493-494 (1973)["In the case of damages, habeas corpus is not an appropriate or available federal remedy."]

1

memorandum in opposition to the motion on July 22, 2008; however, on October 10, 2008, the Respondents filed a supplemental motion for summary judgment arguing that the Petition is now moot, as Petitioner had been released. A second <u>Roseboro</u> order was entered by the Court on October 8, 2008, in which Petitioner was specifically advised that if he failed to respond, the Respondents' motion may be granted, thereby ending his case. Despite this warning and instructions, however, Petitioner did not file any response to the Respondents' motion, which is now before the Court for disposition.[2]

## Discussion

Petitioner argues in his Petitioner that he should be released from custody because the Respondents did not correctly enter his sentence when he re-entered SCDC's custody after his probation was revoked. Petitioner does not challenge his underlying conviction or sentence, and, as noted, Respondents have now notified the Court in their supplemental motion for summary judgment that Petitioner was released from custody on October 1, 2008. <u>See</u> Kenealy Affidavit, ¶ 2; <u>see also</u> Respondents' Memorandum, p. 2.

When a Petitioner attacks only his sentence and not his underlying conviction, his release from prison can moot his Section 2241 petition. <u>Lane v. Williams</u>, 455 U.S. 624, 632 (1982); <u>see also</u> <u>Rusch v. Gonzales</u>, No. 07-490, 2007 WL 3355096 (E.D.Tex. Nov. 9, 2007). While a petition is not moot if the released prisoner can show that a challenged conviction will cause him to suffer some future collateral consequences; <u>Lane</u>, 455 U.S. at 632-633; a Petitioner challenging only

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



2

his sentence, and not the underlying conviction, must affirmatively allege and demonstrate the claimed collateral consequences if he wishes to continue with his case. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998). Here, Petitioner has not affirmatively alleged or demonstrated any collateral consequences. In fact, Petitioner has not even responded to the supplemental motion for summary judgment on this or any other basis. Therefore, the undersigned finds that Petitioner's requested relief in this § 2241 action is moot and, as such, this Petition is subject to dismissal.

## Conclusion

Based on the foregoing, it is recommended that the Respondents' supplemental motion for summary judgment be **granted** and that this Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

November 14, 2008

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



4